DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas that granted summary judgment for appellee and dismissed appellants' complaint. For the reasons that follow, this court affirms the judgment of the trial court.
Appellants set forth the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1:
 "THE TRIAL COURT ERRED BY NOT FINDING THAT A GENUINE ISSUE OF MATERIAL FACT UPON WHICH REASONABLE MINDS CAN DIFFER DOES EXIST AS TO WHETHER OR NOT THE VILLAGE OF KELLEYS ISLAND OCCUPIED THE ENTIRE 40 FOOT STRIP IN DISPUTE.
"ASSIGNMENT OF ERROR NO. 2:
 "THE TRIAL COURT ERRED BY NOT FINDING THAT THE VILLAGE OF KELLEYS ISLAND CAN ONLY ACQUIRE TITLE TO THE UNOCCUPIED PORTION OF DISPUTED 40 FOOT STRIP BY FOLLOWING THE PROVISIONS OF CHAPTER 163 — EMINENT DOMAIN."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On January 27, 1999, appellants Joel and Barbara Feyedelem filed a complaint in the Erie County Court of Common Pleas in which they alleged that the village of Kelleys Island had committed a wrongful, unlawful taking and trespass upon their property by installing and maintaining a road known as Carpenter Road without appellants' knowledge or consent; appellants were being denied the lawful use of the westernmost forty feet of their property while continuing to pay taxes on the land; and appellants' property was unconstitutionally appropriated without payment of just compensation. On May 3, 1999, appellee village of Kelleys Island filed an answer in which it set forth numerous affirmative defenses, including the doctrines of adverse possession and implied easement.
On October 19, 1999, appellee filed a motion for summary judgment. In its motion, appellee asserted that appellants were barred from relief, first, by R.C. 5301.47 through 5301.56, the Ohio Marketable Title Act and, second, because they failed to bring their cause of action within the applicable twenty-one year statute of limitations as set forth in R.C. 2305.04. On January 20, 2000, appellants filed a reply to appellee's motion for summary judgment along with their own motion for summary judgment. In response to appellee's motion, appellants asserted that appellee did not at any time exhibit an intent to adversely possess all forty feet of appellants' property and that, at most, the village of Kelleys Island has an easement by prescription for which appellants should be justly compensated. In support of their own motion for summary judgment, appellants asserted that appellee is occupying twenty feet of their property for use as roadway and denying appellants the use of another twenty feet of land to the west of the road, in between the road and the westernmost boundary of their property. Appellants further argued that they should be granted exclusive unencumbered use of the forty-foot area in dispute or, in the alternative, appellee should be ordered to initiate appropriation proceedings for all, or at a minimum the twenty westernmost feet, of the property.
The parties subsequently submitted to the court several stipulations of fact relative to the cross-motions for summary judgment and jointly asked the trial court to determine their respective rights to the forty-foot strip of land at issue.
On April 24, 2000, the trial court found that appellants had failed to bring their action to recover property within twenty-one years from its accrual pursuant to R.C. 2305.04. The trial court granted summary judgment in favor of appellee, overruled appellants' motion for summary judgment, and dismissed the case.
In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R.56(C).
As noted above, the parties submitted this case to the trial court for determination based in part on several stipulated facts. The parties stipulated that appellants obtained title to their property from appellant Joel Feyedelem's parents, who obtained title to the property in 1949; appellants' deed, as well as the deed of Joel's parents, shows Carpenter Road in the legal description of the property; on the face of the plat filed on September 14, 1914, Carpenter Road is designated as a forty-foot right-of-way; and the village of Kelleys Island has exercised dominion and control over Carpenter Road in excess of twenty-one years, including improving, paving and plowing snow on the road as it exists on the easternmost twenty feet of the disputed forty-foot wide strip of property.
In their first assignment of error, appellants assert that there exists a genuine issue of material fact as to whether the village of Kelleys Island occupied the entire forty-foot wide strip of land in dispute. Appellants then state that at no point in time has the village exhibited an intent to adversely possess the twenty-foot wide strip of land to the west of the road in addition to the twenty-foot wide roadway itself. By that admission, however, appellants essentially negate their own argument that there is an issue of fact as to the twenty-foot strip of land on the other side of the roadway. Appellants do not assert that the village of Kelleys Island has developed or used in any way the strip of land, and there is no evidence of such use in the record. Despite the fact that the 1914 plat clearly shows Carpenter Road as a forty-foot right-of-way, there is nothing in the record to suggest that the village of Kelleys Island has interfered with appellants' ownership of the westernmost twenty feet or that appellants have in any way been prevented from controlling the land since they purchased their lot. Accordingly, we find that there remains no issue of material fact as to whether the village of Kelleys Island has ever occupied or used more than the twenty-foot wide strip of land designated as Carpenter Road and, accordingly, appellants' first assignment of error is not well-taken.
In their second assignment of error, appellants assert that, in order to continue to occupy any part of their property, the village must pursue an eminent domain action pursuant to R.C. Chapter 163. Appellants present no authority for this argument. Appellants also state, however, that if this court finds that the paved portion of Carpenter Road has existed for more than twenty-one years, they nevertheless should be compensated for the westernmost twenty-foot strip of land over which they claim they have been prevented from exercising control.
We find initially that, based upon the stipulations before the trial court and the record, the paved portion of Carpenter Road has existed since at least 1914. There is no evidence, however, that appellee at any time has prevented appellants from exercising control over the strip of land to the west of Carpenter Road and, accordingly, there is simply no basis for appellants' claim that they are entitled to just compensation for their perceived deprivation. The fact that a public roadway passes through appellants' property does not in and of itself prevent them from exercising control over the land on the other side of the road, nor does it require the village of Kelleys Island to compensate appellants for that piece of land. The land clearly belongs to appellants; they have access to it and control over it. As indicated above, it is undisputed that Carpenter Road was there when appellants purchased the property and has existed in its present location since at least 1914. Accordingly, we find that appellants' second assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the parties complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellants.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Richard W. Knepper, J.
 Peter M. Handwork, J., Mark L. Pietrykowski, P.J., CONCUR.